Smith, P. J.
It appears from the opinion of the trial judge that he dismissed the complaint for the reason that if the plaintiff has a cause of action his remedy is by a suit at law, and not by an equity action.
The position of the appellant’s counsel^' understood to be that, although the complaint is framed for equitable relief, it alleges facts which constitutes a cause of action at law, and that if the action be regarded as purely legal, the plaintiff was entitled to have it tried without a jury, unless the defendants objected to that mode of trial before evidence was taken, and then the complaint should not be dismissed but should be sent to the circuit for trial.
The substance of the complaint is that during certain negotiations between the plaintiff and defendants for the purchase by the plaintiff of certain lands described in the complaint, the defendants pointed out to the plaintiff what they stated to be the boundaries of said lands, which boundaries included the whole of the lands on which a certain cheese factory and its appurtenances were situate; that the plaintiff bought said lands, relying on said state- . ments respecting the boundaries, and took a deed and paid the consideration relying on such statements and believing them to be true. That the defendants had no title to, ana did not convey the greater part of the lands so pointed out, and the description included only a small part of the same. The relief demanded is that the boundary lines of the parts of said land which the defendants actually owned be determined and established, and the deed reformed in conformity thereto and the relative value thereof be ascertained and defendants be decreed to refund to plaintiff so much of the purchase money as shall be a just proportion of the value of said premises which the defendants did not own, and that of any which they did own and convey, with interest.
The complaint also alleges that the deed contained covenants of seisin and of warranty of quiet possession; that *397 the defendants were not seised of any considerable part of the premises described in the deed, and that the Genesee Canal Eailroad Company are in possession of the same, by virtue of a superior title derived from the people of the state.
The complaint also alleges that the consideration of such purchase “has wholly or nearly failed.”
It is apparent that the complaint states no case for equitable relief, and the only question is whether the court erred in dismissing the complaint instead of sending the case to the circuit for trial.
Possibly a cause of action may be spelled out from the. complaint, to recover money on the ground of a partial failure of consideration, or breach of covenant of seisin and quiet possession, or for money paid by the plaintiff relying upon representations of the defendants, untruly, though not fraudulently, made.
But it appears from the case as settled, that the decision of the special term did not rest upon the pleadings alone. The case states that it was conceded by the plaintiff upon the opening that the deed from the defendants to the plaintiff “was an ordinary warranty deed in usual form and contained no covenants of seisin or of title.” That admission was an abandonment of all cause of action for a breach of covenants of that nature.
The case also shows that the decision was based upon the “opening” of the plaintiff’s counsel, as well as the admission and the complaint, but what matters were stated in the opening does not appear.
Nor does it appear that the plaintiff asked to have the-issue regarded as one at law, or to have it sent to the circuit for trial. The only exception taken is to the ruling dismissing the complaint, and for aught that appears, the attention of the trial court was not called in any way to the point now urged for reversal.
It is not suggested that the plaintiff, if he resorts to a new action, will be prejudiced by lapse of time, or that for any reason his remedy, if he is entitled to any, will not be as ample and perfect m the new action as in the one now before us.
These considerations lead to the conclusion that the judgment, so far as it dismisses the complaint with costs, is correct.
But the judgment should be modified by striking out the words “on the merits,” which do not seem to be warranted by the decision of the trial judge.
The judgment as so modified is affirmed, 'with costs.
Barker and Bradley, JJ., concur; Haight, J., not voting.
So ordered.